UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>WILLIAM LEE PARKER<br>SSN: xxx-xx-2011<br><br>and<br><br>DEBORAH LYNN PARKER<br>SSN: xxx-xx-5472<br><br>Debtors. | Case No.: 03-18332 ABC<br><br>Chapter 7 |
| ALBERT HOFFMAN, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM LEE PARKER, DEBORAH LYNN PARKER, STERLING FINE HOMES AND LAND, INC., and OCWEN FEDERAL BANK, FSB,<br><br>Defendants. | Adversary Proceeding No.: 04-2024 ABC |

### ANSWER BY DEFENDANT OCWEN FEDERAL BANK FSB TO COMPLAINT TO AVOID POSTPETITION TRANSFER AND FOR CONTEMPT FOR VIOLATION OF THE AUTOMATIC STAY

Comes now, OCWEN FEDERAL BANK FSB ("OCWEN"), by and through its attorneys of record, Houser & Allison, APC, and answers the Complaint to Avoid Post-Petition Transfer and for Contempt for Violation of the Automatic Stay brought by Albert Hoffman, Chapter 7 Trustee, as follows:

#### JURISDICTION

1. OCWEN admits paragraph 1 of the Complaint.

2. OCWEN admits paragraph 2 of the Complaint.

#### PARTIES

3. OCWEN admits paragraph 3 of the Complaint.

1

4. OCWEN admits that William Lee Parker is a debtor in the underlying bankruptcy. The voluntary petition filed by William Lee Parker in the underlying bankruptcy case speaks for itself.

5. OCWEN admits that Deborah Lynn Parker is a debtor in the underlying bankruptcy. The voluntary petition filed by William Lee Parker in the underlying bankruptcy case speaks for itself.

6. OCWEN is without sufficient information to either admit or deny the allegations in paragraph 6 and, therefore, on that basis denies the allegations in paragraph 6 of the Complaint.

7. OCWEN admits paragraph 7 of the Complaint.

## GENERAL ALLEGATIONS

8. OCWEN admits paragraph 8 of the Complaint.

9. OCWEN admits paragraph 9 of the Complaint.

10. OCWEN admits only that at one time, Deborah Parker owned the property described in paragraph 10 of the Complaint. OCWEN is without sufficient information to either admit or deny the remaining allegations in paragraph 10 and, therefore, on that basis denies the remaining allegations in paragraph 10 of the Complaint. Investigation is continuing.

11. OCWEN is without sufficient information to either admit or deny the allegations in paragraph 11 and, therefore, on that basis denies the allegations in paragraph 11 of the Complaint. Investigation is continuing.

12. With respect to paragraph 12 of the Complaint, OCWEN states that the statutory provision speaks for itself and OCWEN denies any allegation or conclusion set forth in paragraph 12 which contradicts of conflicts with the cited statutory provision. As for the remaining allegations, OCWEN is without sufficient information to either admit or deny the allegations in paragraph 12 and, therefore, on that basis denies the allegations in paragraph 12 of the Complaint.

13. With respect to paragraph 13 of the Complaint, OCWEN states that the statutory provision speaks for itself and OCWEN denies any allegation or conclusion set forth in paragraph 13 which contradicts of conflicts with the cited statutory provision. As for the remaining allegations, OCWEN is without sufficient information to either admit or deny the allegations in paragraph 13 and, therefore, on that basis denies the allegations in paragraph 13 of the Complaint.

14. OCWEN admits that the debtors have filed schedules in their bankruptcy case but that the documents speak for themselves. OCWEN is without sufficient information to either admit or deny the allegations in paragraph 14 and, therefore, on that basis denies the allegations in paragraph 14 of the Complaint.

15. OCWEN admits paragraph 15 of the Complaint.

16. OCWEN admits paragraph 16 of the Complaint.

17. OCWEN denies paragraph 17 of the Complaint.

18. OCWEN denies paragraph 18 of the Complaint.

19. OCWEN denies paragraph 19 of the Complaint.

20. Exhibit 1 was not served with the Complaint and OCWEN is unable to determine the authenticity of the document. The Notice speaks for itself. OCWEN is without sufficient information to either admit or deny the allegations in paragraph 20 and, therefore, on that basis denies the allegations in paragraph 20 of the Complaint. Investigation is continuing.

21. Exhibit 1 was not served with the Complaint and OCWEN is unable to determine the authenticity of the document. OCWEN is without sufficient information to either admit or deny the allegations in paragraph 21 and, therefore, on that basis denies the allegations in paragraph 21 of the Complaint. Investigation is continuing.

22. OCWEN is without sufficient information to either admit or deny the allegations in paragraph 22 and, therefore, on that basis denies the allegations in paragraph 22 of the Complaint. Investigation is continuing.

23. OCWEN is without sufficient information to either admit or deny the allegations in paragraph 23 and, therefore, on that basis denies the allegations in paragraph 23 of the Complaint. Investigation is continuing.

24. OCWEN is without sufficient information to either admit or deny the allegations in paragraph 24 and, therefore, on that basis denies the allegations in paragraph 24 of the Complaint. Investigation is continuing.

25. OCWEN is without sufficient information to either admit or deny the allegations in paragraph 25 and, therefore, on that basis denies the allegations in paragraph 25 of the Complaint. Investigation is continuing.

26. Exhibit 2 was not served with the Complaint and OCWEN is unable to determine the authenticity of the document. Further, the Broker Agreement speaks for itself. OCWEN is without sufficient information to either admit or deny the allegations in paragraph 26 and, therefore, on that basis denies the allegations in paragraph 26 of the Complaint.

27. Exhibit 2 was not served with the Complaint and OCWEN is unable to determine the authenticity of the document. Further, the Broker Agreement speaks for itself. OCWEN is without sufficient information to either admit or deny the allegations in paragraph 27 and, therefore, on that basis denies the allegations in paragraph 27 of the Complaint.

28. OCWEN is without sufficient information to either admit or deny the allegations in paragraph 28 and, therefore, on that basis denies the allegations in paragraph 28 of the Complaint.

29. OCWEN is without sufficient information to either admit or deny the allegations in paragraph 29 and, therefore, on that basis denies the allegations in paragraph 29 of the Complaint.

30. Exhibit 3 was not served with the Complaint and OCWEN is unable to determine the authenticity of the document. OCWEN is without sufficient information to either admit or deny the allegations in paragraph 30 and, therefore, on that basis denies the allegations in paragraph 30 of the Complaint.

31. Exhibit 3 was not served with the Complaint and OCWEN is unable to determine the authenticity of the document. OCWEN is without sufficient information to either admit or deny the allegations in paragraph 31 and, therefore, on that basis denies the allegations in paragraph 31 of the Complaint. Investigation is continuing.

32. OCWEN is without sufficient information to either admit or deny the allegations in paragraph 32 and, therefore, on that basis denies the allegations in paragraph 32 of the Complaint. Investigation is continuing.

33. With respect to paragraph 33 of the Complaint, OCWEN states that the statutory provision speaks for itself and OCWEN denies any allegation or conclusion set forth in paragraph 33 which contradicts of conflicts with the cited statutory provision. As for the remaining allegations, OCWEN is without sufficient information to either admit or deny the allegations in paragraph 33 and, therefore, on that basis denies the allegations in paragraph 33 of the Complaint. Investigation is continuing.

34. OCWEN is without sufficient information to either admit or deny the allegations in paragraph 34 and, therefore, on that basis denies the allegations in paragraph 34 of the Complaint. Investigation is continuing.

35. Exhibit 4 was not served with the Complaint and OCWEN is unable to determine the authenticity of the document. OCWEN is without sufficient information to either admit or deny the allegations in paragraph 35 and, therefore, on that basis denies the allegations in paragraph 35 of the Complaint. Investigation is continuing.

36. OCWEN is without sufficient information to either admit or deny the allegations in paragraph 36 and, therefore, on that basis denies the allegations in paragraph 36 of the Complaint. Investigation is continuing.

37. With respect to paragraph 37 of the Complaint, OCWEN states that the statutory provision speaks for itself and OCWEN denies any allegation or conclusion set forth in paragraph 37 which contradicts of conflicts with the cited statutory provision. As for the remaining allegations, OCWEN is without sufficient information to either admit or deny the allegations in paragraph 37 and, therefore, on that basis denies the allegations in paragraph 37 of the Complaint. Investigation is continuing.

38. OCWEN is without sufficient information to either admit or deny the allegations in paragraph 38 and, therefore, on that basis denies the allegations in paragraph 38 of the Complaint. Investigation is continuing.

39. Exhibit 5 was not served with the Complaint and OCWEN is unable to determine the authenticity of the document. OCWEN is without sufficient information to either admit or deny the allegations in paragraph 39 and, therefore, on that basis denies the allegations in paragraph 39 of the Complaint. Investigation is continuing.

40. With respect to paragraph 40 of the Complaint, OCWEN states that the statutory provision speaks for itself and OCWEN denies any allegation or conclusion set forth in paragraph 40 which contradicts of conflicts with the cited statutory provision. As for the remaining allegations, OCWEN is without sufficient information to either admit or deny the allegations in paragraph 40 and, therefore, on that basis denies the allegations in paragraph 40 of the Complaint. Investigation is continuing.

41. OCWEN is without sufficient information to either admit or deny the allegations in paragraph 41 and, therefore, on that basis denies the allegations in paragraph 41 of the Complaint. Investigation is continuing.

42. Exhibit 6 was not served with the Complaint and OCWEN is unable to determine the authenticity of the document. OCWEN is without sufficient information to either admit or deny the allegations in paragraph 42 and, therefore, on that basis denies the allegations in paragraph 42 of the Complaint. Investigation is continuing.

43. OCWEN is without sufficient information to either admit or deny the allegations in paragraph 43 and, therefore, on that basis denies the allegations in paragraph 43 of the Complaint. Investigation is continuing.

44. With respect to paragraph 44 of the Complaint, OCWEN states that the statutory provision speaks for itself and OCWEN denies any allegation or conclusion set forth in paragraph 44 which contradicts of conflicts with the cited statutory provision. As for the remaining allegations, OCWEN is without sufficient information to either admit or deny the allegations in paragraph 44 and, therefore, on that basis denies the allegations in paragraph 44 of the Complaint. Investigation is continuing.

45. OCWEN is without sufficient information to either admit or deny the allegations in paragraph 45 and, therefore, on that basis denies the allegations in paragraph 45 of the Complaint. Investigation is continuing.

46. OCWEN is without sufficient information to either admit or deny the allegations in paragraph 46 and, therefore, on that basis denies the allegations in paragraph 46 of the Complaint. Investigation is continuing.

47. OCWEN is without sufficient information to either admit or deny the allegations in paragraph 47 and, therefore, on that basis denies the allegations in paragraph 47 of the Complaint. Investigation is continuing.

48. Exhibit 7 was not served with the Complaint and OCWEN is unable to determine the authenticity of the document. OCWEN is without sufficient information to either admit or deny the allegations in paragraph 48 and, therefore, on that basis denies the allegations in paragraph 48 of the Complaint.

49. OCWEN is without sufficient information to either admit or deny the allegations in paragraph 49 and, therefore, on that basis denies the allegations in paragraph 49 of the Complaint.

50. OCWEN is without sufficient information to either admit or deny the allegations in paragraph 50 and, therefore, on that basis denies the allegations in paragraph 50 of the Complaint.

51. With respect to paragraph 51 of the Complaint, OCWEN states that the statutory provision speaks for itself and OCWEN denies any allegation or conclusion set forth in paragraph 51 which contradicts of conflicts with the cited statutory provision. As for the remaining allegations, OCWEN is without sufficient information to either admit or deny the allegations in paragraph 51 and, therefore, on that basis denies the allegations in paragraph 51 of the Complaint.

52. OCWEN is without sufficient information to either admit or deny the allegations in paragraph 52 and, therefore, on that basis denies the allegations in paragraph 52 of the Complaint.

53. OCWEN is without sufficient information to either admit or deny the allegations in paragraph 53 and, therefore, on that basis denies the allegations in paragraph 53 of the Complaint.

54. OCWEN is without sufficient information to either admit or deny the allegations in paragraph 54 and, therefore, on that basis denies the allegations in paragraph 54 of the Complaint.

55. OCWEN is without sufficient information to either admit or deny the allegations in paragraph 55 and, therefore, on that basis denies the allegations in paragraph 55 of the Complaint.

56. OCWEN is without sufficient information to either admit or deny the allegations in paragraph 56 and, therefore, on that basis denies the allegations in paragraph 56 of the Complaint.

57. OCWEN is without sufficient information to either admit or deny the allegations in paragraph 57 and, therefore, on that basis denies the allegations in paragraph 57 of the Complaint.

58. OCWEN is without sufficient information to either admit or deny the allegations in paragraph 58 and, therefore, on that basis denies the allegations in paragraph 58 of the Complaint.

59. OCWEN is without sufficient information to either admit or deny the allegations in paragraph 59 and, therefore, on that basis denies the allegations in paragraph 59 of the Complaint. Investigation is continuing.

60. OCWEN is without sufficient information to either admit or deny the allegations in paragraph 60 and, therefore, on that basis denies the allegations in paragraph 60 of the Complaint. Investigation is continuing.

61. OCWEN is without sufficient information to either admit or deny the allegations in paragraph 61 and, therefore, on that basis denies the allegations in paragraph 61 of the Complaint. Investigation is continuing.

62. OCWEN is without sufficient information to either admit or deny the allegations in paragraph 62 and, therefore, on that basis denies the allegations in paragraph 62 of the Complaint. Investigation is continuing.

63. OCWEN is without sufficient information to either admit or deny the allegations in paragraph 63 and, therefore, on that basis denies the allegations in paragraph 63 of the Complaint. Investigation is continuing.

## FIRST CLAIM FOR RELIEF

(Avoidance of Post-Petition Transfer Pursuant to 11 U.S.C. §549)

64. OCWEN hereby incorporates its allegations set forth in paragraphs 1 through 63 above as if fully set forth in this First Claim for Relief.

65. OCWEN is without sufficient information to either admit or deny the allegations in paragraph 65 and, therefore, on that basis denies the allegations in paragraph 65 of the Complaint. Investigation is continuing.

66. OCWEN is without sufficient information to either admit or deny the allegations in paragraph 66 and, therefore, on that basis denies the allegations in paragraph 66 of the Complaint. Investigation is continuing.

67. With respect to paragraph 67 of the Complaint, OCWEN states that the statutory provision speaks for itself and OCWEN denies any allegation or conclusion set forth in paragraph 67 which contradicts of conflicts with the cited statutory provision. As for the remaining allegations, OCWEN is without sufficient information to either admit

or deny the allegations in paragraph 67 and, therefore, on that basis denies the allegations in paragraph 67 of the Complaint. Investigation is continuing.

68. With respect to paragraph 68 of the Complaint, OCWEN states that the statutory provision speaks for itself and OCWEN denies any allegation or conclusion set forth in paragraph 68 which contradicts of conflicts with the cited statutory provision. As for the remaining allegations, OCWEN is without sufficient information to either admit or deny the allegations in paragraph 68 and, therefore, on that basis denies the allegations in paragraph 68 of the Complaint. Investigation is continuing.

69. With respect to paragraph 69 of the Complaint, OCWEN states that the statutory provision speaks for itself and OCWEN denies any allegation or conclusion set forth in paragraph 69which contradicts of conflicts with the cited statutory provision. As for the remaining allegations, OCWEN is without sufficient information to either admit or deny the allegations in paragraph 69 and, therefore, on that basis denies the allegations in paragraph 69of the Complaint. Investigation is continuing.

70. With respect to paragraph 70 of the Complaint, OCWEN states that the statutory provisions speaks for themselves and OCWEN denies any allegation or conclusion set forth in paragraph 70 which contradicts of conflicts with the cited statutory provisions. As for the remaining allegations, OCWEN is without sufficient information to either admit or deny the allegations in paragraph 70 and, therefore, on that basis denies the allegations in paragraph 70 of the Complaint. Investigation is continuing.

WHEREFORE, OCWEN respectfully requests the Court enter judgment in its favor against Plaintiff, awarding Plaintiff no damages and awarding OCWEN its costs of suit and all other relief which this Court deems just and proper. Further, OCWEN respectfully requests that should the Plaintiff recover damages from OCWEN in this proceeding, that OCWEN be authorized by Court Order to adjust the debtor's loan amount by that amount it pays to the Plaintiff, if any.

## SECOND CLAIM FOR RELIEF

(Contempt Pursuant to 11 U.S.C. §105(a) against Ocwen only)

71. OCWEN hereby incorporates its allegations set forth in paragraphs 1 through 70 above as if fully set forth in this Second Claim for Relief.

72. OCWEN is without sufficient information to either admit or deny the allegations in paragraph 72 and, therefore, on that basis denies the allegations in paragraph 72 of the Complaint. Investigation is continuing.

73. With respect to paragraph 73 of the Complaint, OCWEN states that the statutory provision speaks for itself and OCWEN denies any allegation or conclusion set forth in paragraph 73 which contradicts of conflicts with the cited statutory provision. As for the remaining allegations, OCWEN is without sufficient information to either admit

8

or deny the allegations in paragraph 73 and, therefore, on that basis denies the allegations in paragraph 73 of the Complaint. Investigation is continuing.

74. With respect to paragraph 74 of the Complaint, OCWEN states that the statutory provision speaks for itself and OCWEN denies any allegation or conclusion set forth in paragraph 74 which contradicts of conflicts with the cited statutory provision. As for the remaining allegations, OCWEN is without sufficient information to either admit or deny the allegations in paragraph 74 and, therefore, on that basis denies the allegations in paragraph 74 of the Complaint. Investigation is continuing.

75. OCWEN is without sufficient information to either admit or deny the allegations in paragraph 75 and, therefore, on that basis denies the allegations in paragraph 75 of the Complaint. Investigation is continuing.

76. With respect to paragraph 76 of the Complaint, OCWEN states that the statutory provisions speaks for themselves and OCWEN denies any allegation or conclusion set forth in paragraph 76 which contradicts of conflicts with the cited statutory provisions. As for the remaining allegations, OCWEN is without sufficient information to either admit or deny the allegations in paragraph 76 and, therefore, on that basis denies the allegations in paragraph 76 of the Complaint. Investigation is continuing.

77. With respect to paragraph 77 of the Complaint, OCWEN states that the statutory provision speaks for itself and OCWEN denies any allegation or conclusion set forth in paragraph 77 which contradicts of conflicts with the cited statutory provision. As for the remaining allegations, OCWEN is without sufficient information to either admit or deny the allegations in paragraph 77 and, therefore, on that basis denies the allegations in paragraph 77 of the Complaint. Investigation is continuing.

78. With respect to paragraph 78 of the Complaint, OCWEN states that the statutory provision speaks for itself and OCWEN denies any allegation or conclusion set forth in paragraph 78 which contradicts of conflicts with the cited statutory provision. As for the remaining allegations, OCWEN is without sufficient information to either admit or deny the allegations in paragraph 78 and, therefore, on that basis denies the allegations in paragraph 78 of the Complaint. Investigation is continuing.

79. OCWEN is without sufficient information to either admit or deny the allegations in paragraph 79 and, therefore, on that basis denies the allegations in paragraph 79 of the Complaint. Investigation is continuing.

80. With respect to paragraph 80 of the Complaint, OCWEN states that the statutory provision and case citation speak for themselves and OCWEN denies any allegation or conclusion set forth in paragraph 80 which contradicts of conflicts with the cited statutory provision and case law citation. Investigation is continuing.

WHEREFORE, OCWEN respectfully requests the Court enter judgment in its favor against Plaintiff, awarding Plaintiff no damages and awarding OCWEN its costs of suit and all other relief which this Court deems just and proper.

## THIRD CLAIM FOR RELIEF

(Turnover of Property of the Estate Pursuant to 11 U.S.C. §542)

81. OCWEN hereby incorporates its allegations set forth in paragraphs 1 through 80 above as if fully set forth in this Second Claim for Relief.

82. OCWEN is without sufficient information to either admit or deny the allegations in paragraph 82 and, therefore, on that basis denies the allegations in paragraph 82 of the Complaint. Investigation is continuing.

83. OCWEN is without sufficient information to either admit or deny the allegations in paragraph 83 and, therefore, on that basis denies the allegations in paragraph 83 of the Complaint. Investigation is continuing.

84. OCWEN is without sufficient information to either admit or deny the allegations in paragraph 84 and, therefore, on that basis denies the allegations in paragraph 84 of the Complaint. Investigation is continuing.

85. OCWEN is without sufficient information to either admit or deny the allegations in paragraph 85 and, therefore, on that basis denies the allegations in paragraph 85 of the Complaint. Investigation is continuing.

WHEREFORE, OCWEN respectfully requests the Court enter judgment in its favor against Plaintiff, awarding Plaintiff no damages and awarding OCWEN its costs of suit and all other relief which this Court deems just and proper. Further, OCWEN respectfully requests that should the Plaintiff recover damages from OCWEN in this proceeding, that OCWEN be authorized by Court Order to adjust the debtor's loan amount by that amount it pays to the Plaintiff, if any.

## AFFIRMATIVE DEFENSES

The following Affirmative Defenses are plead in the alternative:

1. Plaintiff's Complaint and, in particular, each claim for relief set forth therein, fails to state a claim against OCWEN upon which relief may be granted.

2. Any alleged transfer of money to OCWEN from any other party named in the Complaint was received in good faith without knowledge their alleged voidability and without intent to take unconscionable advantage of others and without intent to hinder, delay or defraud.

3. Any alleged conduct on the part of OCWEN as set forth in the Complaint was inadvertent or taken in good faith without intent to take unconscionable advantage of others and without intent to hinder, delay or defraud.

4. The Plaintiff's Complaint and the claims asserted therein are barred by the doctrines of laches, waiver, and estoppel.

5. OCWEN reserves the right to assert any other affirmative defenses against Plaintiff's claims set forth in the Complaint as become known to it in the course of this proceeding.

WHEREFORE, OCWEN respectfully requests the Court enter judgment in its favor against Plaintiff, awarding Plaintiff no damages and awarding OCWEN its costs of suit and all other relief which this Court deems just and proper. Further, OCWEN respectfully requests that should the Plaintiff recover damages from OCWEN in this proceeding, that OCWEN be authorized by Court Order to adjust the debtor's loan amount by that amount it pays to the Plaintiff, if any.

Respectfully submitted this 3rd day of December, 2004.

        HOUSER & ALLISON
        A Professional Corporation

        _____
        Justin D. Balser / #34365
        Jeffrey Corporate Centre
        5420 Trabuco Road, Suite 100
        Irvine, California 92620
        Telephone:  (949) 679-1111
        Facsimile:  (949) 679-1112
        Email:  jbalser@houser-law.com

        Counsel for Defendant
        OCWEN FEDERAL BANK FSB

## CERTIFICATE OF SERVICE

I certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made. I further certify that on December 3, 2004, a true and correct copy of the above and foregoing document was served on the below listed party as follows:

      [X]    U.S. Mail, postage pre-paid
      [ ]    Hand Delivery
      [X]    Facsimile

Kenneth J. Buechler, Esq.
SENDER & WASSERMAN, P.C.
1999 Broadway, Suite 2305
Denver, Colorado 80202
Facsimile: (303) 296-7600

Date: December 3, 2004

                                                        _____
                                                        Julie Nelson